UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA *as subrogor of*
GE AVIATION MATERIALS, L.P.,
　　　　　　　　　　Plaintiff,

-v-

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC., *et al.*,
　　　　　　　　　　Defendants.

17-CV-2575 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

　　Plaintiff Indemnity Insurance Company of North America moves for reconsideration of this Court's Opinion and Order resolving the parties' cross-motions for summary. (Dkt. No. 89.) Specifically, Plaintiff argues that this Court erred when it held that Plaintiff waived the argument that indirect carriers qualified as carriers within the meaning of China Air's waybill. (*See* Dkt. No. 88 at 5 & n.1.)

　　"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (citation omitted); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

1

Having reviewed the record and the parties' memorandums of law, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. As this Court explicitly noted in its Opinion and Order, Plaintiff failed to make the argument in its briefing that indirect carriers qualified as carriers within the meaning of China Air's waybill. Accordingly, the argument is deemed waived.

Plaintiff's motion for reconsideration is therefore DENIED. The Clerk of the Court is directed to close the motion at Docket Number 89.

SO ORDERED.

Dated: March 31, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge